DONOVAN *v.* A CARGO OF TWO HUNDRED AND FORTY TONS OF COAL.

*(District Court, E. D. New York.  July 25, 1881.)*

1. FREIGHT—DELIVERY—ABANDONMENT.

   Where a cargo of coal was transported from Port Johnston, New Jersey, to New York, and, the boat being sunk at the consignees' dock after arrival, the cargo was abandoned by the consignees to the underwriters, who raised the boat and ordered it, with the coal, to Brooklyn for sale to S. & Co., and the master being refused payment of freight by the consignees and S. & Co., who received it, brought suit therefor and attached the coal in Brooklyn: *Held,* that, the boat not having been abandoned, the contract of affreightment was not terminated by the abandonment of the cargo to the underwriters; and the subsequent delivery of the coal at another dock was such a performance of the contract as entitled the master to his freight.  That, under the custom of delivery proved, the lien of the master upon the cargo for his freight was not waived or lost by the delivery to S. & Co. without prepayment of freight, but remained in full force.

*J. A. Hyland,* for libellant.

*Chas. D. Warner,* for claimants.

BENEDICT, D. J.   The libellant is entitled to a decree for the freight remaining unpaid.   When the boat sank at the dock where the coal was to be delivered, the coal was abandoned to the underwriters by the consignees thereof, but the boat was not abandoned by the boat-owner, nor was the possession of the boat surrendered to the party who raised the boat and the coal.   By the abandonment of the coal to the underwriters the libellant's contract was not terminated, nor was his right to earn the freight by delivering the coal lost.   The subsequent transportation of the coal by the libellant to another dock, designated by the underwriters, and the delivery of the coal in accordance with the direction of the underwriters, was equivalent to a delivery of the coal at the place first selected, and was a performance of the contract set forth in the bill of lading.   The coal, when so delivered, was subject to a lien for the freight then unpaid, which might be lost by an unconditional delivery, but in the absence of an unconditional delivery, still attached to the coal in the hands of the parties who received it from the vessel.   Upon the evidence, and in view of the custom proved, the delivery in this case was not unconditional, and consequently the lien for the freight remained in full force.

   Let a decree be entered for the amount claimed, with interest and costs.